

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:06-CR-136 |
| § | |
| DARRELL WAYNE COOPER, JR. § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Darrell Wayne Cooper, Jr., violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #53) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on June 18, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

<u>**STATEMENT OF REASONS**</u>

**A. Procedural History**

On April 27, 2007, the Honorable Marcia. A. Crone sentenced Darrell Wayne Cooper, Jr., after he pled guilty to the offense of felon in possession of ammunition, a Class C felony. The Court sentenced the defendant to 57 months imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include drug testing and a $100 special assessment. On December 1, 2010, Mr. Cooper completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

On January 22, 2014, after pleading guilty to a lesser charge of Theft (Cause No. 12-14362), Mr. Cooper was sentenced to 2 years in State Jail.

### C. Evidence presented at Hearing

At the hearing, the Government offered evidence establishing that Darrell Cooper, Jr., was convicted of the offense of Lesser Included Theft in the 252nd District Court of Jefferson County, Texas, on January 22, 2014, in cause number 12-14362. The Government entered the judgment of conviction into the record as an exhibit. It shows that Mr. Cooper pled guilty and was sentenced for the state jail felony to two years in the state jail division of the TDCJ. *See Government Exhibit A*. The defendant also offered a copy of the "Agreed Punishment Recommendation" for Jefferson County District Courts, signed by Cooper, his attorney, and the state prosecutor on January 21, 2014, in cause number 12-14362. *See Defendant's Exhibit 1*. That document shows that the parties in the state theft case agreed that Mr. Cooper would plead guilty to the lesser included theft offense instead of the aggravated robbery offense for which he was orginally charged. *Id.* In exchange for his plea of guilty, the parties agreed that the state jail sentence would run concurrently with "any Federal Time." *Id.*

Defendant, Darrell Wayne Cooper, Jr., offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he was convicted of a new state crime in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being convicted of a new state crime.

If the Court finds that Mr. Cooper violated his supervision conditions in the manner stated above, this will constitute a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of III and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied* 132 S. Ct. 496 (2011) (discussing application of "plainly unreasonable" standard post-*Booker*); *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade B violation of his supervision conditions by being convicted of a a new state crime. The defendant knowingly and voluntarily pled true to this conduct.

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. The dispute turns on whether Mr. Cooper should receive credit for time served on the state jail sentence he received in the theft case. In support, the defendant points to the agreement he entered into with the state prosecutor in that case. Pursuant to that agreement, the parties in the state case apparently had an understanding that Mr. Cooper's time in state jail for the theft conviction would run concurrently with "any federal time." The Government rested on the probation office's recommendation that Mr. Cooper be sentenced to 9 months imprisonment in the Bureau of Prisons (BOP) as punishment for the revocation.

The Court understands Mr. Cooper's position and frustration with the sentence he thought he was receiving at the time he was sentenced on the state offense . However, the Court overrules his arguments for several reasons. First, the state has no power to bind a federal court on the imposition of sentences. *See United States v. Melbert*, No. 3-cr-20082, 2012 WL 3255126, 2012 U.S. Dist. LEXIS 111639, at *22 (W.D. La. May 20, 2012) ("[i]t is of no moment that the sentencing state court determined that Melbert could serve his state sentences concurrently with his

federal sentence, since the state sentence does not bind the BOP, as the Fifth Circuit has already recognized. . .") (citing *Leal v. Tombone*, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (per curiam)). A determination as to concurrence of sentence made by one sovereign does not bind the other. *Id*. (Internal citations omitted).

Additionally, Chapter 7 of the Sentencing Guidelines recommends that any term of imprisonment imposed upon revocation of supervised release shall run consecutively to any sentence of imprisonment being served by the defendant, *whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. See* U.S.S.G. § 7B1.3(f) (emphasis added). The Fifth Circuit has likewise held that "the district court has the discretion to order that a sentence imposed upon the revocation of supervise release run concurrently with or consecutively to other sentence." *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).

Furthermore, 18 U.S.C. § 3584(a) provides that "if a term of imprisonment is imposed on a defendant who is already subject to an *undischarged* term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). Here, Mr. Cooper has already served his state jail time and that state sentence is discharged, not "undischarged." Under Section 3584(a) and Chapter 7 of the Guidelines, the Court has no basis for ordering that his federal sentence be served with a no-longer existing sentence. *See United States v. Kirklin*, 701 F.3d 177, 179 (5th Cir. 2012). As the Fifth Circuit explained in *Kirklin* - which also involved a supervised release revocation - "neither [Section 3584(a)] nor any other authorizes an order that a sentence be served concurrently with a discharged state sentence -- indeed, it would make no sense." *Id*. The Court has no means by which to authorize that Mr. Cooper retroactively receive credit for time served on a completed

state sentence. Although the agreement in the state court case led Mr. Cooper to believe that he would receive federal credit, there is no legal basis for the undersigned to sentence the defendant accordingly.

Finally, the Court finds support for its decision to impose a separate federal sentence in the record of this cause. The Presentence Investigation conducted at the time of Cooper's original sentencing in this case in 2007 shows that he had prior convictions for burglary and robbery before he was even sentenced on this original offense in this case. The District Court placed him on a term of supervised release after his release from the BOP and Mr. Cooper was accordingly directed to abide by certain conditions. He admittedly continued to engage in criminal conduct while on supervised release. The undersigned is well within its statutory authority and the recommendations of the Guidelines in recommending a term of imprisonment in the BOP for the supervised release violation. Mr. Cooper is not being punished anew for the state crime he committed. Rather, he is being sentenced for his failure to abide by the conditions that Judge Crone imposed upon him well before he even committed the new state offense. The evidence also shows that he could have been prosecuted for the felony of aggravated robbery in state court and faced a much lengthier term in state custody, but the prosecutor agreed to the lesser included offense. In light of this leniency afforded to Mr. Cooper, coupled with the authority given to this Court to imprison him for the revocation, the undersigned is unpersuaded that he should receive more leniency by getting credit for time served.

Accordingly, after considering the circumstances of the case, the arguments and evidence presented, the legal authorities discussed above, the Probation Officer's recommended sentence,

and the applicable sentencing factors set forth in 18 U.S.C. § 3553[2], the Court finds as follows:

The defendant violated his conditions of supervised release with the Grade B violation as stated *supra*. Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The Court also finds that a federal imprisonment term at the low end of the range suggested by the Guidelines is appropriate for Mr. Cooper's violation of his supervised release. The undersigned magistrate therefore recommends that the District Court order Defendant to serve a term of **six (6) months imprisonment** in the BOP this cause, with no further term of supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate

---

[2] *See Miller*, 634 F.3d at 844(setting forth the provisions of Section 3553 which are applicable and inapplicable under 18 U.S.C. § 3583(a) for a district court to consider in imposing a modification or revocation of a supervised release term).

judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 24th day of June, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE